KOLLER LAW PC
David M. Koller, Esq. (90119)                                          *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GEORGE THOMPSON** | : | Civil Action No. |
| 212 Highland Avenue | : | |
| Apartment 305 | : | |
| Newark New Jersey 07104 | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Complaint and Jury Demand |
| | : | |
| **KEESLER INSTITUTE OF** | : | |
| **REHABILITATION** | : | |
| 1199 Pleasant Valley Way | : | |
| West Orange New Jersey 07052 | : | |
| *Defendant*. | : | |

## CIVIL ACTION

This is a case where Defendant failed to accommodate Plaintiff's request for a reasonable accommodation of an extension of his leave of absence beyond six months. Plaintiff contends that such a blanket policy violates the Americans with Disabilities Act and the New Jersey Law Against Discrimination and that it also interfered with Plaintiff's rights under the Family Medical Leave Act and retaliated against Plaintiff for exercising his rights under the Family Medical Leave Acts under federal and state law.

Plaintiff, George Thompson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, P.C., bring this civil matter against Corrections Corporation of America (hereinafter "Defendant" or the "Company"), for violations of the Americans with Disability Act 1990

("ADA"), as amended, and the New Jersey Law Against Discrimination ("NJLAD") and the Family Medical Leave Act and the New Jersey Family Medical Leave Act. In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Keesler Rehabilitation is a corporation headquartered in New Jersey and doing business in New Jersey.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe

Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and discrimination against Defendant. .

14. The Complaint was assigned a Charge Number and was dual filed with the New Jersey Division on Civil Rights.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue").

16. Conciliation attempts failed at the EEOC.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of her Right to Sue in this matter.

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff worked for Defendant as a Rehabilitation Assistant.

22. Defendant hired Plaintiff on July 27, 2009.

23. Plaintiff earned $12.25 per hour and worked on average thirty to forty hours a week.

24. On May 2013, Plaintiff fell and tore ligaments in his left arm.

25. The injury was not job related.

26. The injury caused Plaintiff to undergo two surgeries on his left arm.

27. The first surgery was June 23, 2013.

28. The second surgery was September 25, 2013.

29. Plaintiff was out on short term disability for a period of six months starting with the date of his injury.

30. On January 6, 2014, Plaintiff's doctor cleared Plaintiff to return to work.

31. Plaintiff advised Defendant that he was able to return to work at that time.

32. Defendant told Plaintiff that since he was out of work for longer than the six months allotted under its short term disability policy, Plaintiff's employment had terminated and that in order to work at Defendant, he needed to reapply for a position.

33. Plaintiff reapplied for a position, but was never contacted by Defendant for an interview

or offered a job.

34. In August 2014, Plaintiff spoke with the Director of HR to inquire about the status of his application for employment.

35. Plaintiff subsequently received a termination letter from Defendant which stated that he worked for Defendant from July 27, 2009 until November of 2013, which represents when the six month disability leave under Defendant's policy expired.

36. Plaintiff contends that Defendant violated the Americans with Disabilities Act in that it failed to engage in the interactive process and provide a reasonable accommodation in the form of an extended leave to Plaintiff.

37. Also, Plaintiff contends that Defendant's failure to contact Plaintiff during his leave and upon the expiration of the six month leave and its failure to send to Plaintiff any paperwork or inquiries regarding his return to work constitutes a violation of the ADA.

38. Plaintiff requested FMLA leave in May of 2013 as a result of the injury to his hand.

39. Defendant never provided Plaintiff with any forms to complete for his request for FMLA.

40. Plaintiff contends that Defendant's failure interfered with his rights under the FMLA, and that his termination was in retaliation for requesting FMLA, for which he was otherwise eligible and entitled to receive.

41. Plaintiff seeks all damages available to him under the Americans with Disabilities Act and the New Jersey Law Against Discrimination related to Defendant's violations as outlined herein.

42. Plaintiff seeks all damages available to him under the Family Medical Leave Act (FMLA) and the New Jersey Family Medical Leave Act related to Defendant's interference and retaliation as outlined herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, George Thompson, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the NJLAD and FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                      **RESPECTFULLY SUBMITTED,**

                                      **KOLLER LAW, P.C.**

Date: July 14, 2015        **By:**        **DMK/s**
                                                    David M. Koller, Esquire
                                                    Counsel for Plaintiff